ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DEBORAH E. YIM
Assistant United States Attorney
California State Bar #217400
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2447
    Facsimile:  (213) 894-7819
    E-mail:  deborah.yim@usdoj.gov

Attorneys for Defendants
Pablo Prieto, Joshua Halstead,
and Richard Bourn

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY V. PINSON,<br><br>                Plaintiff,<br><br>vs.<br><br>PABLO PRIETO, J. HALSTEAD,<br>RICHARD BOURN,<br><br>                Defendants. | Case No: 10-00811 PSG (SP)<br><br>Referred to the Hon. Sheri Pym<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES ATTACHED IN SUPPORT THEREOF**<br><br>(Declaration of Eliezer Ben-Shmuel Filed Concurrently Herewith)<br><br>Date:  July 26, 2011<br>Time:  10:00 a.m.<br>Dept:  Courtroom 3 or 4<br>       (Hon. Sheri Pym)<br>       Riverside Courthouse<br>       3470 Twelfth Street<br>       Riverside, CA 92501 |

TO THE COURT AND PLAINTIFF JEREMY V. PINSON:

PLEASE TAKE NOTICE that, on July 26, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 or 4 of the Honorable Sheri Pym, United States District Judge, located at the 3470 Twelfth Street, Riverside, CA 92502, Defendants Pablo Prieto, J. Halstead, and Richard Bourn ("Defendants") will move to dismiss the Complaint pursuant to Rule 12(b). This Motion is made on the grounds that Plaintiff Jeremy Pinson has failed to timely exhaust all required administrative remedies.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Eliezer Ben-Shmuel, and such arguments as the Court may allow at the time of the hearing.

Respectfully submitted,

DATED: June 13, 2011

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____/s/_____
DEBORAH E. YIM
Assistant United States Attorney
Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This alleged *Bivens* complaint against Defendants Pablo Prieto, J. Halstead, and Richard Bourn ("Defendants") is virtually identical to the "Emergency Application for Writ of Habeas Corpus" (the "Writ") filed by inmate Jeremy Pinson ("Plaintiff") and denied by this Court more than three years ago in Case No. CV 08-2519 PSG (JTLx). In the Writ, as here, Plaintiff claimed he was assaulted by fellow inmates on April 9, 2008, and he demanded a transfer or release from the prison facility where he was incarcerated. Among other things, the Court denied Plaintiff's Writ on the grounds that he had failed to exhaust the Bureau of Prison's ("BOP") administrative remedies. *Pinson v. Norwood*, 2008 WL 2323895 (C.D. Cal. 2008). Plaintiff appealed the Court's order on the Writ and then voluntarily dismissed his appeal in 2009. *Pinson v. Norwood*, No. 09-55092 (9th Cir. filed Nov. 30, 2009).

The Complaint in this new action raises the same issues as the Writ and is just as defective for the same reasons previously noted by the Court. Specifically, Plaintiff failed to exhaust all available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and it is now too late to do so. The action should therefore be dismissed pursuant to Rule 12(b). An inmate's failure to exhaust administrative remedies is subject to a non-enumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

## II. BACKGROUND

On April 16, 2008, Plaintiff filed an Emergency Application for Writ of Mandamus, or in the Alternative, for Issuance of a Writ of Habeas Corpus — claiming that he had been assaulted by prison inmates on April 9, 2008. The Writ requested that the BOP release and/or transfer him from the U.S. Penitentiary ("USP") in Victorville. The Court denied the Writ on a number of grounds, including failure to file, let alone exhaust, the required administrative remedies. *See Pinson*, 2008 WL 2323895, at *6. Plaintiff appealed this order to the Ninth Circuit but voluntarily

dismissed the appeal in October 2009. *See Pinson,* No. 09-55092 (9th Cir. filed Nov. 30, 2009). Information regarding Plaintiff's sentence and incarceration history, as well as allegations regarding the April 9, 2008 incident are already set forth at length in the Court's Order. *See Pinson,* 2008 WL 2323895, at *1-3. Plaintiff still has not filed any administrative remedy requests regarding the April 9, 2008 incident. (Declaration of Eliezer Ben-Shmuel ("Ben-Shmuel Dec.") ¶¶ 1-7.)

### III. PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT, AND THE TIME FOR DOING SO HAS LONG SINCE EXPIRED.

As this Court previously held, exhaustion of administrative remedies is a prerequisite to a federal prisoner's filing of a *Bivens* suit for damages and injunctive relief. The Prison Litigation Reform Act ("PLRA") provides:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). This requirement is "mandatory" and "unequivocal." *Booth v. Churner,* 532 U.S. 731, 741 (2001); *McKinney v. Carey,* 311 F.3d 1198, 1200 (9th Cir. 2002). Exhaustion of such administrative remedies is a four-step process established by the BOP:

> "The BOP has established an administrative remedy procedure that requires an inmate to (1) informally present his complaint to the staff (on a BP-8 form), (2) present a formal written complaint to the Warden of the institution where he is confined (on a BP-9 form), (3) present an appeal to the Regional Director (on a BP-10 form), and (4) present a final appeal to the Central Office of the BOP (on a BP-11 form). 28 C.F.R. § 542.10 *et seq.* A federal inmate's administrative remedies are exhausted upon completion of this multi-tiered review process."

*Pinson,* 2008 WL 2323895, at *6. As to Plaintiff specifically, the Court held that he "has not filed any administrative remedies related to the April 9, 2008 assault, and [he] has not presented any evidence that supports a finding that the exhaustion requirement should be waived." As a result, Plaintiff's Writ was denied.

Plaintiff's filing of this new lawsuit does not change the fact that he still has not filed, let alone exhausted, the required administrative remedies (see Ben-Shmuel Dec. ¶¶ 1-7), and it is now simply too late to begin the administrative remedy process.[1] The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate BP-9 form is 20 calendar days following the date on which the basis for the Request occurred. 25 C.F.R. § 542.14(a). It has now been more than three years since the alleged April 9, 2008 incident. Because Plaintiff has failed to exhaust the required administrative remedies, and the time to do so has long since expired, the Complaint should be dismissed pursuant to Rule 12(b).

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss the Complaint, pursuant to Rule 12(b).

Respectfully submitted,

DATED: June 13, 2011
ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____/s/_____
DEBORAH E. YIM
Assistant United States Attorney
Attorneys for Defendants

---

[1] In deciding a motion to dismiss for failure to exhaust, the court may look beyond the pleadings to extrinsic evidence. *Wyatt,* 315 F.3d at 1119.