UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>PABLO PRIETO, et al.,<br><br>        Defendants. | Case No. ED CV 10-811-PSG (SP)<br><br>**MEMORANDUM AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

## I.

## INTRODUCTION

On September 17, 2010, plaintiff Jeremy Pinson, a federal prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). On August 15, 2011, plaintiff filed a First Amended Complaint ("FAC"), which names nine defendants – the Federal Bureau of Prisons ("BOP") and various BOP employees.

The FAC asserts a single claim: that defendants acted with deliberate indifference to plaintiff's safety in violation of the Eighth Amendment. FAC at 5. According to plaintiff, on April 9, 2008 – while he was incarcerated at United States Penitentiary Victorville ("USP Victorville") – he was attacked by five inmates armed

with shanks. *Id.* at 11. Plaintiff sustained severe injuries, including stab wounds and broken bones. *Id.* Plaintiff alleges that defendants have failed to take steps to protect him from other inmates despite a known threat to plaintiff. *Id.* at 9-12.

On October 4, 2011, plaintiff – who is currently housed at the United States Penitentiary Administrative Maximum Facility ("ADX") in Florence, Colorado (*see* FAC at 2) – filed a Motion for Preliminary Injunction ("Motion"). Plaintiff seeks to: (1) enjoin BOP from housing plaintiff in any cell, unit, or prison where plaintiff would have physical contact with known members or associates of the Mexican Mafia, Aryan Brotherhood, Sureno, or Dirty White Boys gang; (2) have BOP determine whether to house plaintiff in the Witness Security Program, a "Lesser Security Prison," or State Prison; and (3) have BOP review existing policies and procedures regarding housing members of gangs in the general population of agency facilities, and determine whether such housing increases violent incidents among inmates. Mot. at 3-4.

On October 25, 2011, plaintiff filed what he called a Motion to Supplement Motion for Preliminary Injunction ("Supplemental Motion"). On November 3, 2011, the served defendants filed an Opposition to plaintiff's Motion. On November 21, 2011, plaintiff filed a reply in support of his Motion, and a Motion for Leave to Present Oral Testimony ("Oral Testimony Motion") in support of his Motion for Preliminary Injunction.

For the reasons set forth below, the Court agrees with defendants that plaintiff has failed to make a clear showing that he is entitled to a preliminary injunction. Further, the Court lacks personal jurisdiction over the Department of Justice's Criminal Division's Office of Enforcement Operations ("OEO") to grant part of plaintiff's desired relief. Accordingly, plaintiff's Motion is denied.

## II.

## **ALLEGATIONS OF THE MOTION FOR PRELIMINARY INJUNCTION**

Because the Motion is sealed, the Court recounts only certain aspects of its pertinent allegations. Plaintiff was convicted in federal court and sentenced to 252

months in prison. Mot., Declaration of Jeremy Pinson ("Pinson Decl.") ¶ 1. The leaders of the Mexican Mafia and Aryan Brotherhood have issued a $50,000 contract to murder plaintiff. *See* Mot. at 1; Mot., Pinson Decl. ¶ 3; Suppl. Mot., Pinson Decl. ¶ 4. While incarcerated at USP Victorville, plaintiff was assaulted and sustained stab wounds and broken bones. Mot. at 1; FAC at 11. Plaintiff is in continued danger of being injured or killed by the Mexican Mafia, Aryan Brotherhood, Sureno, and Dirty White Boys gangs. *See* Mot. at 1, 3. "As long as it is possible for the gangs that have a contract on [plaintiff's] life to eventually obtain contact with [him], [he] remain[s] in danger of being injured or killed." Mot., Pinson Decl. ¶ 5.

On February 25, 2011, plaintiff was transferred to the ADX and initially housed in the Special Housing Unit ("SHU"). Suppl. Mot., Pinson Decl. ¶ 1. Shortly after plaintiff's arrival at the ADX, inmates began mass producing letters to other inmates notifying them of the contract by the Mexican Mafia and Aryan Brotherhood for plaintiff's murder. *Id.* ¶ 4. The letters were distributed throughout the SHU. *Id.* On June 1, 2011, plaintiff was moved from the SHU to General Population Units, D Unit. *Id.* ¶ 6. After plaintiff arrived at D Unit, an inmate began informing other inmates of the contract for plaintiff's murder and that plaintiff is a "snitch." *Id.* ¶ 7. The letters about plaintiff were distributed throughout the unit. *Id.* ¶ 8. For eight months, plaintiff has "endured threats on a daily basis," been "spat upon," and "been harassed by inmates who bang on [his] cell wall all night to disrupt [his] sleep." *Id.* ¶ 9.

### III.
### **LEGAL STANDARD**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam) (internal quotations marks and citation omitted). The plaintiff bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citations omitted). Where a plaintiff has not made the minimum showing of irreparable injury, it is not necessary for the court to decide whether the plaintiff is likely to succeed on the merits. *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1378 (9th Cir. 1985).

## IV.

## DISCUSSION

### A. The Court Lacks Jurisdiction to Grant Plaintiff's Request to Be Placed in the Witness Security Program

It is well established that a federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); *see also In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267 (2d Cir. 2001) ("requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks omitted)). Accordingly, "[u]nder Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them.'" *Zepeda*, 753 F.2d at 727; *see also Citizens Alert Regarding the Env't v. United States Envtl. Prot. Agency*, 259 F. Supp. 2d 9, 17 n.7 (D.D.C. 2003), *aff'd*, 102 Fed. App'x 167 (D.C. Cir. 2004) (a district court is "powerless to issue an injunction against" an entity that is "not a party to [the] action"); *Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir. 2001) ("any injunction entered against individuals is an *in personam* action that may be enforced against individuals only over whom the court has personal jurisdiction,"

unless the individuals "could be shown to have been 'in active concert or participation with' parties over whom the court ha[s] jurisdiction" (citations omitted)).

Here, in order to grant part of plaintiff's desired relief – to be admitted into the Witness Security Program – the Court must be able to exercise jurisdiction over OEO. It is OEO, not BOP, that determines who is admitted into the Witness Security Program. Opp'n, Eliezer Ben-Shmuel ("Ben-Shmuel Decl.") ¶ 10. The Court's jurisdictional reach, however, fails to extend that far. OEO is not a party to this action. *See* FAC at 3-4. Plaintiff also does not contend, much less establish, that OEO is somehow acting "in active concert or participation with" defendants. The Court therefore lacks the authority to direct OEO to admit plaintiff into the Witness Security Program.

Accordingly, part of plaintiff's Motion merits denial for want of jurisdiction. *See Zepeda*, 753 F.2d at 727; *Citizens*, 259 F. Supp. 2d at 17 n.7; *Gilchrist*, 262 F.3d at 301.

**B.     Plaintiff Failed to Demonstrate He Is Likely to Suffer Irreparable Harm in the Absence of Preliminary Injunctive Relief**

Plaintiff asserts that "[a]s long as it is possible for the gangs that have a contract on [his] life to eventually obtain contact with [him], [he] remain[s] in danger of being injured or killed." Mot., Pinson Decl. ¶ 5. Injunctive relief cannot be granted unless plaintiff "has shown that irreparable harm is 'likely'; the 'possibility' of harm is insufficient to meet [plaintiff's] burden." *Small v. Avanti Health Sys., LLC*, __ F.3d __, 2011 WL 5120538, at *7 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 22). Although "'likely' is a higher threshold than 'possible,'" plaintiff "need not prove that irreparable harm is certain or even nearly certain." *Id.* Here, plaintiff's Motion falls well short of establishing that irreparable harm is likely without injunctive relief.

Plaintiff is currently housed at the ADX. FAC at 2. "ADX is the most secure prison in the federal system." Opp'n, Declaration of Patricia Rangel ("Rangle Decl.") ¶ 8. The security needs of the inmates housed at the ADX require very restrictive

procedures for movement of the inmates, interaction with staff, other inmates, recreation, visitation, and programming. *Id.* ¶ 9. All inmates at the ADX are housed in single cells. *Id.* ¶ 10. Plaintiff is currently housed in the general population unit. *Id.* ¶ 11. Inmates in the ADX general population units, such as plaintiff, do not have any physical contact with any other inmates. *Id.* ¶ 15. Most daily activities – such as consuming meals or taking showers – are conducted within the inmate's cell. *Id.* ¶ 11. Any out-of-cell recreation occurs in secure, single recreation areas. *Id.* Because plaintiff is precluded from any physical contact with other inmates while at the ADX, it follows that plaintiff is shielded from any physical contact with known members or associates of the Mexican Mafia, Aryan Brotherhood, Sureno, or Dirty White Boys gang. Indeed, plaintiff does not contend that, since his arrival at the ADX, he has come into physical contact with any members of the aforementioned gangs. He only alleges that he has "endured threats on a daily basis," been "spat upon," and "been harassed by inmates who bang on [his] cell wall all night to disrupt [his] sleep." Suppl. Mot., Pinson Decl. ¶ 9. Although conceptually "possible," it is not "likely" that plaintiff would come into physical contact with any other inmate and suffer irreparable harm in the absence of preliminary injunctive relief.

In effect, by housing plaintiff at the ADX, plaintiff has already received part of the relief he seeks: to not be housed where he would have physical contact with gang members. The Court is not aware of any prison where the possibility of physical contact with a gang member is zero. Certainly plaintiff's request to be transferred to a lower security prison or state prison would not eliminate the possibility of "physical contact with known members or associates of the Mexican Mafia, Aryan Brotherhood, Sureno, or Dirty White Boys gang." Mot. at 3. Plaintiff's safety is better guaranteed at the ADX.

In addition, plaintiff's request that BOP "undertake a review of existing policies and procedures regarding housing members of gangs in the general population of agency facilities" is not narrowly drawn to correct the harm plaintiff seeks to prevent

6

via injunctive relief. For injunctive relief to be granted in a civil action with respect to prison conditions, the preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). In this case, the harm plaintiff seeks to prevent is harm inflicted on him by "known members or associates of the Mexican Mafia, Aryan Brotherhood, Sureno or Dirty White Boys gang[]." Mot. at 3. The review of existing policies and procedures sought by plaintiff reaches much farther than the harm at issue and extends to all prisoners. Because the relief plaintiff seeks would "bind[] prison administrators to do more than the constitutional minimum," the Court may not grant plaintiff's desired relief. *See Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

Because plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of the preliminary injunctive relief he seeks, his motion must be denied.

**C.    Plaintiff's Motion for Leave to Present Oral Testimony Is Also Denied**

Plaintiff filed a Motion for Leave to Present Oral Testimony, seeking to present oral testimony from various inmates and staff members in support of his Motion for Preliminary Injunction. *See* Oral Test. Mot. at 1. Plaintiff, however, has failed to demonstrate why such oral testimony is necessary, *i.e.*, that the proposed testimony would bolster his claim for injunctive relief. According to plaintiff, the proposed testimony would provide an in-depth view of: "the levels of violence"; "BOP management of gangs"; "the practical impact or benefit of the injunction on prison administration"; and the "likelihood of irreparable harm to large numbers of inmates if the injunction is denied." *Id.* at 1-2. Because the proposed oral testimony would not establish the court's jurisdiction over OEO or demonstrate that plaintiff is likely to suffer irreparable harm without preliminary injunctive relief, plaintiff's Motion for Leave to Present Oral Testimony is denied.

## V.
## **ORDER**

IT IS THEREFORE ORDERED that plaintiff's Motion for a Preliminary Injunction and Motion for Leave to Present Oral Testimony are DENIED.

DATED: _12/13/2011

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge

8