ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DEBORAH E. YIM
Assistant United States Attorney
California State Bar #217400
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2447
    Facsimile: (213) 894-7819
    E-mail: deborah.yim@usdoj.gov

Attorneys for Defendants
Pablo Prieto, Joshua Halstead,
and Richard Bourn

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY V. PINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>PABLO PRIETO, J. HALSTEAD, RICHARD BOURN,<br><br>    Defendants. | Case No: 10-00811 PSG (SP)<br><br>Referred to the Hon. Sheri Pym<br><br>**DEFENDANTS PABLO PRIETO, J. HALSTEAD, AND RICHARD BOURN'S ANSWER TO FIRST AMENDED COMPLAINT** |

    Defendants Pablo Prieto, Richard Bourn, and Josh Halstead (collectively, "Defendants") answer the First Amended Complaint of Plaintiff Jeremy Pinson ("Plaintiff"), as follows:

    1.    The allegations on pages 1 to 4, paragraphs A to C, consist of legal conclusions regarding jurisdictional basis, exhaustion, and venue, and as such, no response is required. To the extent a response is required, however, Defendants lack sufficient information or belief upon which to admit or deny the allegations of these paragraphs, and based thereon, generally and specifically, deny them.

2. Answering Paragraph 1, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

3. Answering Paragraph 2, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

4. Answering Paragraph 3, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

5. Answering Paragraph 4, Defendants admit only that, in 2003, Plaintiff was convicted of embezzling $31,800.58 from the campaign of U.S. Representative Ernest Istook. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

6. Answering Paragraph 5, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

7. Answering Paragraph 6, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

8. Answering Paragraph 7, Defendants admit only that in 2004, Plaintiff was convicted of six counts of embezzlement and sentenced to 36 months imprisonment in the Oklahoma Department of Corrections.

9. Answering Paragraph 8, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

10. Answering Paragraph 9, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon,

generally and specifically deny them.

11. Answering Paragraph 10, Defendants admit only that in 2007, Plaintiff was convicted in two cases in federal court and sentenced to 240 months imprisonment.

12. Answering Paragraph 11, Defendants admit that Plaintiff was initially housed at the United States Penitentiary in Beaumont, Texas ("USP Beaumont"), starting on May 2, 2007. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

13. Answering Paragraph 12, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

14. Answering Paragraph 13, Defendants generally and specifically deny the allegations therein.

15. Answering Paragraph 14, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

16. Answering Paragraph 15, Defendants admit that Plaintiff was transferred from USP Beaumont to the United States Penitentiary in Florence, Colorado ("USP Florence"). Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

17. Answering Paragraph 16, Defendants admit that Plaintiff assaulted another inmate with a deadly weapon on October 15, 2007. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

18. Answering Paragraph 17, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon,

generally and specifically deny them.

19. Answering Paragraph 18, Defendants admit that Plaintiff complained he was assaulted by another inmate on December 12, 2007. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

20. Answering Paragraph 19, Defendants admit that Plaintiff was transferred from USP Florence to the United States Penitentiary in Victorville, California ("USP Victorville") and that he arrived at this institution on February 14, 2008. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

21. Answering Paragraph 20, Defendants generally and specifically deny the allegations therein.

22. Answering Paragraph 21, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

23. Answering Paragraph 22, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

24. Answering Paragraph 23, Defendants admit that one of Defendants Bourn and Halstead's duties was to address security concerns at USP Victorville. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

25. Answering Paragraph 24, Defendants admit only that Defendant Halstead was responsible for investigating inmate assaults and illegal activity and reporting findings to his supervisors, which included Defendant Bourn, who would, as necessary, forward findings to the Warden. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and

based thereon, generally and specifically deny them.

26. Answering Paragraph 25, Defendants admit only that USP Victorville has housed gang-members and that inmate-on-inmate assaults have occurred at USP Victorville. Defendants generally and specifically deny the remaining allegations therein.

27. Answering Paragraph 26, Defendants generally and specifically deny the allegations therein as they pertain to Defendants Bourn and Halstead. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

28. Answering Paragraph 27, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

29. Answering Paragraph 28, Defendants generally and specifically deny the allegations therein.

30. Answering Paragraph 29, Defendants deny specifically that Plaintiff told Defendants Bourn and Halstead that he was a current or former gang member and further deny that Plaintiff warned Defendants Bourn and Halstead that he would be attacked by any gang. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

31. Answering Paragraph 30, Defendants admit that Plaintiff was housed in unit 6B at USP Victorville. Defendants generally and specifically deny the remaining allegations therein.

32. Answering Paragraph 31, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

33. Answering Paragraph 32, Defendants generally and specifically deny these allegations as they pertain to Bourn and Halstead. Defendants lack sufficient

information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

34. Answering Paragraph 33, Defendants admit only that between February 14, 2008, when Plaintiff arrived at USP Victorville, and April 9, 2008, Plaintiff filed administrative remedy requests complaining about a disciplinary hearing at USP Florence, the non-receipt of stamps, and various complaints about the food at USP Victorville. Defendants generally and specifically deny the remaining allegations therein.

35. Answering Paragraph 34, Defendants generally and specifically deny the allegations therein.

36. Answering Paragraph 35, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

37. Answering Paragraph 36, Defendants generally and specifically deny the allegations therein.

38. Answering Paragraph 37, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

39. Answering Paragraph 38, Defendants admit that inmates obscured the lens of the camera on the Plaintiff's cell range. Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

40. Answering Paragraph 39, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

41. Answering Paragraph 40, Defendants admit that Plaintiff claims he was assaulted on April 9, 2008. Defendants deny that Plaintiff suffered any broken bones or stab wounds as a result of the alleged assault. Defendants lack sufficient

information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

42. Answering Paragraph 41, Defendants generally and specifically deny the allegations therein as they pertain to Defendant Bourn. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

43. Answering Paragraph 42, Defendants generally and specifically deny the allegations therein.

44. Answering Paragraph 43, Defendants admit only that no inmates were disciplined for the alleged assault because Plaintiff refused to identify his assailants. Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, generally and specifically deny them.

45. Answering Paragraph 44, Defendants admit only that Plaintiff left USP Victorville on May 29, 2008, and transferred to the Federal Detention Center in Houston, Texas, to face federal criminal charges in the United States District Court for the Southern District of Texas. Defendants generally and specifically deny the remaining allegations therein.

46. Answering Paragraph 45, Defendants generally and specifically deny the allegations of this paragraph.

47. Answering Paragraph 46, Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

48. Answering Paragraph 47, Defendants admit that since May 29, 2008, Plaintiff has committed multiple acts of violence, including multiple assaults against staff and other inmates. Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

49. Answering Paragraph 48, the paragraph contains superfluous allegations to which the Defendants need not respond. To the extent that a response is necessary, the Defendants lack sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically deny them.

50. Answering the Prayer for Relief, Defendant denies generally and specifically the allegations therein.

51. Defendants hereby specifically deny each and every allegation of the First Amended Complaint not otherwise expressly admitted or hereinbefore otherwise answered.

## FIRST AFFIRMATIVE DEFENSE

1. To the extent that the First Amended Complaint fails to state a claim upon which relief can be granted, Plaintiff may not prevail.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's *Bivens* claims against Defendants are barred by the qualified immunity defense.

## THIRD AFFIRMATIVE DEFENSE

3. Should Plaintiff prevail against Defendants, their liability is several and limited to their own actionable segment of fault, if any.

## FOURTH AFFIRMATIVE DEFENSE

4. The acts or omissions alleged in the First Amended Complaint were justified.

## FIFTH AFFIRMATIVE DEFENSE

5. If Plaintiff sustained or suffered any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of Plaintiff and/or others, and not by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

6. As any injury, damages, and/or loss allegedly suffered by Plaintiff was

caused by his or other third parties' acts or omissions, Plaintiff's damages should be reduced by said percentage of fault. If any wrongful act or omission is found to have existed, Defendants allege that Plaintiff's damages should be diminished in proportion to the amount of fault attributable to Plaintiff and/or others.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff has failed to exhaust all administrative remedies as required by the Prison Litigation Reform Act.

## EIGHTH AFFIRMATIVE DEFENSE

8. Defendants are entitled to an offset to the claims set forth in the First Amended Complaint sufficient to diminish or defeat Plaintiff's recovery thereunder.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant is not liable for any pre-existing, intervening, or superseding occurrences which caused, compounded or created Plaintiff's injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

11. To the extent that the Court lacks subject matter jurisdiction over Plaintiff's First Amended Complaint, the action is barred.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's damages, if any, must be reduced by any collateral source as permitted by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff is barred from bringing any claim that falls outside the applicable statute of limitations.

## FORTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

1     WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

2     1. That Plaintiff's First Amended Complaint and each cause of action contained therein be dismissed with prejudice.

4     2. That Plaintiff take nothing by his First Amended Complaint;

5     3. That Defendants be awarded costs incurred herein; and

6     4. That the Court order such other and further relief for Defendants as the Court may deem just and proper.

Respectfully submitted,

DATED: January 13, 2012

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

        /s/
DEBORAH E. YIM
Assistant United States Attorney
Attorneys for Defendants